## THE HARROGATE.

### (Circuit Court of Appeals, Second Circuit.   December 6, 1901.)

### No. 21.

ADMIRALTY—PROCEEDING IN REM FOR COLLISION—PERSONS BOUND BY DECREE.
  A decree in a proceeding in rem in admiralty against a ship for collision, in which no arrest of the vessel was made and advertised, but her owners appeared voluntarily, is not binding upon her cargo owners, who were not parties, and is therefore not admissible in their behalf to establish the fault of the ship in an action subsequently brought by them against her.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the district court, Eastern district of New York, dismissing the libel. The firm of S. A. Burgett & Co. shipped a full cargo of oats on the Harrogate in December, 1891, to be transported to Aberdeen, Scotland. On January 26, 1892, while off Dungeness, the Harrogate was in collision with the steamship Hazelmere, and was seriously damaged thereby. A part of the cargo of oats was washed overboard and lost, and the remainder damaged by sea water. Libelants were insurers of the cargo, and, having paid all losses and become subrogated to the rights of the insured, brought this libel against the Harrogate, contending that the collision was caused by the fault and negligence of those in charge of the Harrogate. The question presented here is a narrow one. It was essential to libelants' case to show that the Harrogate, and not the Hazelmere, was in fault for the collision. The only evidence produced upon this issue was certain records of the high court of justice of England, admiralty division. It seems that after the collision a suit was instituted in the admiralty division by the owners of the Hazelmere against the Harrogate, and writ of process in rem issued. There was no arrest of the ship, no publishment nor advertisement, and, as solicitors appeared and gave bail, no other persons than the owners of the respective steamships were made parties. A cross action was also begun by owners of the Harrogate against owners of the Hazelmere, a similar writ issued, and service similarly accepted. In the first of these actions there was a finding of the court that the Harrogate was solely in fault for the collision. English practice allows an appeal from such finding, and pending such appeal the litigation between owners of the respective ships was compromised. The district court first admitted, and then struck out, this "finding." Unless there was error in striking it out, as not being an adjudication binding on both parties to the present libel, the decree of the district court must stand, since no other evidence of fault was offered.

Lawrence Kneeland, for appellants.

Harrington Putnam, for appellee.

Before WALLACE and LACOMBE, Circuit Judges, and TOWNSEND, District Judge.

PER CURIAM. It seems unnecessary to do more than refer to the decision of this court in Bailey v. Sundberg, 1 C. C. A. 387, 49 Fed. 583, where the effect of a decree in a proceeding in rem in the admiralty was fully discussed, and it was held that cargo owners were not bound where the owners of the ship which carried it appeared voluntarily, and process was served by arrest of the vessel, but with no publication of arrest and of time assigned for the return of process and the hearing of the cause. We are referred

to no authority to support the proposition that the effect of similar proceedings in England is more far-reaching than here. On the contrary, the testimony of a witness called as to English law would seem to indicate that, unless cargo owners were actually made parties of record, they would not be bound, even though the vessel was arrested and advertised. But be that as it may, we think Bailey v. Sundberg is controlling.

The decree of the district court is affirmed, with costs.